UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v

                                             Case No. 19-20107
                                             Honorable Thomas L. Ludington

RONALD ARTHUR POLK,

        Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE AND GRANTING SECOND MOTION IN LIMINE**

On February 27, 2019, an indictment was issued against Defendant Polk for one count of possession of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age. ECF No. 1. On July 16, 2019, the Government filed a motion in limine. ECF No. 29. The next week, it filed a second motion in limine. ECF No. 31. The first motion in limine will be granted in part and denied in part. The second motion in limine will be granted.

**I.**

In its first motion in limine, the Government requests that Defendant be prohibited from "asking any question, introducing any evidence or making any statement" about the following:

A. Age of consent, specifically any reference to "any alleged age of consent contrary to existing U.S. law.";

B. Undisclosed defense exhibits;

C. References to potential punishment or Defendant's personal background, health or family;

D. Exculpatory hearsay;

E. Plea negotiations;

F. Polygraph examinations or results;

G.  Impeachment of witnesses through others' reports;

H.  Expert opinions, specifically requesting that the Court not "declare that a witness is qualified as an expert" (quoting *U.S. v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007));

ECF No. 29 at PageID.79–80. The Government also requests that it be permitted "to admit a sampling of the child pornography found to have been in defendant's possession into evidence and to publish those images to the jury in a way that they are not viewable to members of the public who attend the trial." *Id.* at PageID.80.

In his response, Defendant stipulated to all of the relief sought by the Government except for the Government's request seeking to limit references to Defendant's personal background, specifically his family. Defendant contends that the Government's request to limit references to Defendant's "'family circumstances' is vague and seems overly broad." ECF No. 37 at PageID.114. His response further provides:

> [T]o the extent the Government's case relies on the testimony of members of the Defendant's family, the Defendant should be able to testify or otherwise present evidence regarding any family history that may impact the witnesses [sic] credibility or any bias the witness may have toward the defendant or any reason the witness has lie [sic] or exaggerate. For example, one of the witnesses the government may call was caught stealing the defendant's medications. The defendant reported this to the police and tried to have the witness prosecuted. This would be evidence of a potential bias the witnesses may have regarding the defendant.

*Id.*

Defendant will be permitted to attempt to impeach witnesses, including members of his family, pursuant to the Federal Rules of Evidence. *See U.S. v. Abel*, 469 U.S. 45, 45 (1984) ("While the Federal Rules of Evidence do not by their terms deal with impeachment for 'bias,' it is clear that the Rules do contemplate such impeachment."); *see also U.S. v. Lindemann*, 85 F.3d 1232, 1243 (7th Cir. 1996) ("The admissibility of evidence regarding a witness's bias…in his testimony

is not specifically addressed by the Rules, and thus admissibility is limited only by the relevance standard of Rule 402.").

The Government has also requested that it be permitted to admit a sampling of the child pornography at issue. The request will be granted, but the Government must abide by the relevant laws governing the custody of such material, including 18 U.S.C. 3509(m) which provides that "any property or material that constitutes child pornography…shall remain in the care, custody, and control of either the Government or the court."

## II.

In its second motion in limine, the Government represents that it plans on calling a minor victim as a witness. It requests that Defendant only refer to the minor witness by her first name and not make any reference to the witness's last name. The Government also asks that the Court make "modest accommodations" for the minor victim. These accommodations are:

> First, the United States requests an oath that is appropriate for a 13-year-old. Second, the United States requests that counsel for both parties refrain from loud objections. Third, the United States requests that counsel for defendant engage in age-appropriate questioning of the child, including the limiting of leading questions.

ECF No. 31 at PageID.96. In his response, Defendant stipulated to all of the Government's requests in its motion.

Pursuant to the Child Victims' and Child Witnesses' Rights Act, the Court may conceal the identity of a minor witness. It provides

> On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

18 U.S.C. 3509(d)(3)(A). As an alleged victim, there is a significant possibility that public disclosure of the witness's last name could be detrimental to the witness. Accordingly, the

Government's request is granted and neither party may reference the witness's last name during trial.

Pursuant to Federal Rule of Evidence 603, a witness must "give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." Fed. R. Evid. 603. Because the witness is a minor, the oath typically administered to adults by the Court will be adjusted to ensure that the oath "impress[es] that duty [to testify truthfully] on the witness's conscience." *Id.*

Defendant also stipulated to the Government's final two accommodations. Accordingly, both parties will be required to "refrain from loud objections" while the minor witness is testifying and to "engage in age-appropriate questioning of the child, including the limiting of leading questions." ECF No. 31 at PageID.96.

**III.**

Accordingly, it is **ORDERED** that the Government's Motion in Limine, ECF No. 29, is **GRANTED IN PART** and **DENIED IN PART**. Defendant is permitted to attempt to impeach witnesses, including his family members, pursuant to the Federal Rules of Evidence.

It is further **ORDERED** that Defendant may not reference any age of consent contrary to law, present to the jury undisclosed exhibits, reference his potential punishment or personal background, introduce exculpatory hearsay, discuss plea negotiations, reference polygraph tests, or attempt to impeach witnesses using the reports of others.

It is further **ORDERED** that the Government pursuant to 18 U.S.C. 3509(m) is permitted to admit a sampling of the child pornography relevant to the charges against Defendant. The Government must ensure that the sampling is not accessible by the public.

It is further **ORDERED** that the Government's Second Motion in Limine, ECF No. 31, is

**GRANTED**.

It is further **ORDERED** that neither party may reference the minor witness's last name.

It is further **ORDERED** that both parties refrain from loud objections while the minor

witness is testifying and engage in age-appropriate questioning of the minor witness.


Dated: August 21, 2019                                  s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge