UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v                                              Case No. 19-20107
                                              Honorable Thomas L. Ludington

RONALD ARTHUR POLK,

        Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS**

On February 27, 2019, an indictment was returned against Defendant Polk for one count of possession of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age. ECF No. 1. The jury trial commenced on September 10, 2019.

Prior to the trial, the Government and the Defendant submitted trial briefs at the request of the Court. The Government outlined its theory of the case, identified each witness that would be called, summarized the witnesses' testimony (including the testimony of R.P. pursuant to FRE 414), and summarized the Defendant's criminal history that the Government anticipated utilizing for impeachment pursuant to FRE 609 if the Defendant elected to testify. ECF No. 47. The Defendant also filed a trial brief outlining his defense which was that other family members living in his house were responsible for the child pornography searches ("…the members of the family living with Mr. Polk all shareded (sic) computers and his children knew his passwords and user names. Everyone in the house had access to all of Mr. Polk's internet accounts because they knew his passwords."). ECF No. 48 at PageID.155.

Michigan State Police Computer Analyst Brian Pitt testified during the government's case about the computer devices seized from the Defendant's residence and the preliminary triage of the devices for forensic review. He testified that he found over 4,000 images of suspected child

pornography on two of the three devices. Officer Pitt was cross examined by defense counsel who elicited testimony from Pitt that he identified a malicious virus on one laptop identified as Government's Exhibit 1 and a Windows Loader identified as a tool that could facilitate unwanted behavior located on Government Exhibit 2, a hard drive located on the Defendant's premises.

Government counsel was apparently surprised to learn during Officer Pitt's cross-examination about the virus and the Windows Loader, as she did not recall that information in Officer Pitt's report. At the end of the first day of the government's case, government's counsel reviewed the reports and did not locate any reference to the viruses. Government counsel then inquired of Officer Pitt who explained that he had run a virus scan after he completed his initial forensic report. He then prepared a one-page supplemental summary of his findings, dated December 17, 2018, which was never furnished to the government counsel. Government counsel obtained a copy of that supplemental report the afternoon of the second day of the government's case, on September 12, 2019, and furnished it to defense counsel. Pitt's report stated in two, four, and six lines paragraphs, respectively, that he had conducted a virus scan using Microsoft Windows Defender on the Government's Exhibit 1 and had located two Trojan viruses on the device that were both located in a single zip (compressed) file. The virus was a program that could be dangerous and execute commands from an attacker. He also ran a virus scan on the Government's Exhibit 2 and located a virus called Windows Loader.exe, which he classified as a tool that had potentially unwanted behavior. At the time the supplemental report was provided to the defense, Special Agent Douglas Smith was testifying in the government's case.

On the third day of the government's case, September 13, 2019, Defendant moved to dismiss, alleging that the disclosure of Pitt's report during trial was prejudicial. *See* ECF No. 51 at PageID.165-170. The motion was filed by defense counsel late on September 12, 2019. The Court

did not dismiss the indictment. It did direct the government to make Officer Pitt available to defense counsel for consultation about the content of his supplemental report. Defense counsel also telephoned Mr. Kelly, his retained forensic expert. The defense did not intend to call Mr. Kelly as an opinion witness. The government then completed its direct examination of FBI Special Agent Smith, addressing in great detail the Trojan viruses found on Exhibit 1 in the zip file. Special Agent Smith explained the viruses were present on the computer in the zip file, but that it had not been installed or deployed on the computer, and that accordingly it was of no consequence. He also testified about the malware and adware he had found on other devices and the potential consequences of those programs. During the cross examination of Special Agent Smith, defense counsel extensively inquired about Pitt's findings in his supplemental report. The presence of Trojan viruses, malware, and adware did not affect the special agent's opinion that the Defendant was the computer operator who searched for and observed the child pornography.

Defendant then called Officer Pitt during his case in chief and reviewed his supplemental report findings, including the potential consequences of these viruses on his conclusions. Pitt testified that the Trojan viruses had no effect on the computer, as they were contained in the zip file and not installed. He also testified that the Windows Loader.exe could potentially result in unwanted popups, which could redirect the computer operator to unwanted websites, but that more than half of the searches were conclusively initiated by the computer operator. He also testified that the time of the searches for pornographic material and the searches for non-pornographic material suggested that the searches were initiated by the computer operator.

**I.**

The *Brady* rule imposes "a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment." *United States v. Presser*, 844

F.2d 1275, 1281 (6th Cir. 1988). The obligation "encompasses both exculpatory and impeachment evidence when such evidence is material." *Jells v. Mitchell*, 538 F.3d 478, 501 (6th Cir. 2008) (citing *United States v. Bagley*, 472 U.S. 667, 676 (1985)). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281. When the government fails to furnish such evidence, suppression of the evidence is a potential remedy, but should only be done with great caution. As provided by the Sixth Circuit,

> The goal of discovery in criminal trials is to insure a fair and thorough determination of defendant's guilt or innocence. In order to reach this goal, suppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court.

*United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995).

This is not such a case for a number of reasons. First, Rule 16 primarily governs information in the government prosecutor's possession. Officer Pitt's supplemental report was not in the government's possession here. Upon learning of the existence of Pitt's report, Pitt's report was made available for discussion during a recess. Further, defense counsel had the opportunity to consult with his retained expert and access the information he learned *before* his cross-examination of Smith. Additionally, defense counsel recalled Pitt during his case in chief and reviewed the information with him carefully. There was no articulable prejudice identified by the Defendant and any possibility of an adverse inference was thoroughly addressed by the defense's cross-examination.

Moreover, the evidence established that the computer operator, who the jury concluded was the Defendant, had been using virus detection software himself. Because the defense never intended to call an opinion witness specialized in the field of digital technology, the government

did not know whether the opinion witness or the computer operator also located the viruses, malware, and adware before the disclosure of Officer Pitt's report.

## II.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss, ECF No. 51, is **DENIED**.

Dated: September 24, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge