# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,              Case Number:1:19-cr-20107-TLL-PTM

-vs-                                  District Judge Thomas Ludington

RONALD ARTHUR POLK,

                    Defendant.

---

## DEFENDANT'S SENTENCING MEMORANDUM

---

## I.  INTRODUCTION

This matter is before the Court for sentencing following defendant's conviction at trial.

## II.  BACKGROUND

Mr. Polk is 61 years old and suffers from serious health problems that are highly unlikely to be adequately treated in prison, He is suffering from a rare cancer of the connective tissue.  His doctor indicates this is an incurable condition. (See Exhibit 1). There is apparently no medical treatment guaranteed to help Mr. Polk's condition. Mr. Polk is also suffering from chronic kidney disease at stage 3 (moderate).

Mr. Polk has a lengthy criminal history. However, given his age, and very poor health, Mr. Polk is a very low risk for further offending.  Further, a 61-year-old

inmate with Mr. Polk's health problems is likely to suffer greater punishment than the average inmate if the Bureau of Prisons fails to provide adequate or even necessary medical treatment. Accordingly, the Defendant requests the court recommend a facility with the ability to offer medical treatment to cancer patients.

## III.   LEGAL FRAMEWORK

While this Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), it may not treat that range as mandatory or presumptive, *id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but must treat it as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *id.* at 49-50, and explain how the facts relate to the purposes of sentencing. *Id*. at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242- 43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43.

A key component of Supreme Court law, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory . . . , as a general matter, courts may vary [from Guidelines ranges] based

solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 552 U.S. at 101-02 (internal punctuation omitted) (citing *Rita v. United States*, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations"). As the Supreme Court held in *Kimbrough*, because "the cocaine Guidelines, like all other Guidelines, are advisory only," it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 552 U.S. at 91, 109-10; *see also Spears v. United States*, 555 U.S. 261, 267 (2009) ("[D]istrict courts are entitled to vary from the crack cocaine Guidelines in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range.").

Congressionally directed guidelines are just as advisory as any other guideline and therefore equally subject to policy-based variances. In *Vazquez v. United States*, 130 S. Ct. 1135 (2010), the Supreme Court remanded for reconsideration in light of then-Solicitor General Kagan's position that "all guidelines," including congressionally-directed guidelines, "are advisory, and the very essence of an advisory guideline is that a sentencing court may, subject to appellate review for reasonableness, disagree with the guideline in imposing sentencing under Section 3553(a)." U.S. Br. at 11, *Vazquez v. United States*, No. 09-5370 (Nov. 2009). As the

3

Sixth Circuit has previously recognized, "*all* of the sentencing guidelines are advisory," including those directed by Congress. *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009) (emphasis in original). Congressional directives "tell[] the Sentencing Commission, not the courts, what to do," and "a directive that the Commission specify a particular Guidelines range is not a mandate that sentencing courts stay within it." *Id*. at 328.

This Court may thus properly find that the child pornography guideline was not developed by the Commission in its characteristic institutional role of basing its determinations on empirical data and national experience, *see Kimbrough*, 552 U.S. at 109-10, consistent with the Supreme Court's repeated recognition that when a guideline was not developed by the Commission based on empirical data of past sentencing practices and national sentencing experience, it is not likely that the guideline "reflect[s] a rough approximation of sentences that might achieve § 3553(a)'s objectives," and that a policy-based variance from such a guideline is not subject to "closer review" and is "not suspect." *See Kimbrough*, 552 U.S. at 109-10; *Spears*, 555 U.S. at 264; *Rita*, 551 U.S. at 348, 349-50.1

## IV.    18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), sentencing courts are directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of the subsection." Section 3553(a)(2) states that such

purposes of sentencing are: "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." In determining whether a sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing, the courts are to consider, pursuant to § 3553(a), the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed;

(3) The kinds of sentences available;

(4) The kinds of sentences and the sentencing range as set forth in the guidelines;

(5) Any pertinent policy statement issued by the Sentencing Commission;

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## V.    CONCLUSION

Courts are charged by Congress to impose a sentence that is sufficient, but not greater than necessary to fulfill the goals of sentencing established by Congress. See

18 U.S.C. § 3553(a).   Mr. Polk respectfully requests this Court to follow that

tradition and impose a proportional sentence.

Respectfully submitted by:

s/JOHN E. MELTON, P56294
Attorney for Defendant
120 N Michigan, Suite 318
Saginaw, MI 48602
Telephone number: (989)882-1182
Fax number: (989) 432-5914
meltonlaw@att.net

DATED: December 16, 2019

## CERTIFICATE OF SERVICE

I, John E. Melton, hereby certify that on December 17, 2019, the Defendant's Sentencing Memorandum, were electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

UNITED STATES ATTORNEY'S OFFICE
BY: ANCA I. POP, P70032
Assistant United States Attorney
101 First Street, Suite 200
Bay City, Michigan 48708 (989) 895-5712

Dated: December 17, 2019

s/John E. Melton (P56294)
Attorney for Defendant
2 N Elk Street
Sandusky, Michigan 48471
Telephone: (989) 882-1182