UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 19-CR-20107
        Honorable Thomas L. Ludington

RONALD ARTHUR POLK,

        Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

On September 16, 2019, a federal jury convicted Defendant Ronald Arthur Polk of one count of possessing and accessing with intent to view child pornography involving a prepubescent minor or a minor who had not attained 12 years of age, in violation of l8 U.S.C. § 2252A(a)(5)(B). ECF Nos. 58, 64. The Court entered judgment against Defendant on December 20, 2020, sentencing him to 240 months imprisonment with restitution to be determined. ECF No. 64. On April 23, 2020, after supplemental briefing from the parties, the Court entered an amended judgment finding that Defendant owed no restitution. ECF No. 74. On May 4, 2020, Defendant filed a notice of appeal from the amended judgment. ECF No. 77.

On June 25, 2019, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his health condition and the COVID-19 pandemic. ECF No. 81 Defendant is currently housed at Federal Correctional Institute Butner II ("FCI Butner II"). On August 20, 2020, Plaintiff the United States of America (the "Government") was ordered to respond to Defendant's motion. ECF No. 83. The Government responded on August 25, 2020. ECF No. 84. Defendant's motion will be denied for the reasons stated below.

**I.**

As noted above, this matter is currently on direct appeal to the Sixth Circuit. ECF No. 83. So far, federal courts have held that "[a] pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release." *United States v. Walls*, No. 92-CR-80236, 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020) (citing *United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020)). "The presence of two pending proceedings on the same issue (the length of the defendant's sentence) risks inconsistent rulings from this Court and the Sixth Circuit on that issue." *Id.*

Nonetheless, Defendant's motion for compassionate release may be denied pursuant to Federal Rule of Criminal Procedure 37, which states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . deny the motion . . . ."[1] *See United States v. Traylor*, No. 16-20437, 2020 WL 5405866, at *2 (E.D. Mich. Sept. 9, 2020) (denying compassionate release under Rule 37 despite pending appeal); *accord Martin*, 2020 WL 1819961, at *2. Accordingly, for the reasons stated below, Defendant's motion will be denied despite his pending appeal.

---

[1] In other cases, where the district court is inclined to grant compassionate release, prisoners are left in limbo. District courts have no jurisdiction to grant compassionate release, and the defendant's motion cannot be transferred to the Court of Appeals because "[the Court of Appeals] cannot decide [a] compassionate-release motion in the first instance." *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (citing *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir. 2020)). Prisoners must, accordingly, "wait[] for a ruling from the [Court of Appeals]," *Walls*, 2020 WL 1934963, at *2, even though "Congress specifically designed the First Step Act to result in expeditious review of prisoner applications and to improve the health and safety of inmates, prison staff, and the community." *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020) (discussing the legislative history with respect to exhaustion); *see also* H.R. Rep. No. 115-699, at 22 (2018) (stating the purpose of the First Step Act as "improving the effectiveness and efficiency of the Federal prison system").

## II.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for

the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). At the time of his motion, Defendant was housed at the Clare County Jail, which is not operated by the BOP. ECF No. 84-2. On May 26, 2020, Defendant, through his attorney, petitioned Clare County Sheriff John Wilson for compassionate release based on his health condition and the COVID-19 pandemic. *Id.* There is no indication that Sheriff Wilson responded. At least 30 days have elapsed since the petition. The Government does not contest the issue of exhaustion because, as the Government states, Defendant had no administrative remedies with the BOP at the time. ECF No. 84 at PageID.310. Accordingly, Defendant has exhausted his administrative remedies for purposes of § 3582.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is possessing and accessing with intent to view child pornography involving a prepubescent minor or a minor who had not attained 12 years of age, in violation of l8 U.S.C. § 2252A(a)(5)(B). ECF No. 64. Child pornography is a serious offense, and Defendant has only served 7% of his 240-month sentence. Furthermore, as explained in Section I.C.2. below, Defendant's lengthy criminal history, including the underlying offense, indicates that he would be a danger to others or the community if released. Accordingly, under the § 3553 factors, Defendant is not entitled to a sentence reduction.

## C.

The next inquiries to be resolved are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. While Defendant has an extraordinary and compelling reason for release, he has failed to show that he would not be a danger to others or the community.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
> > (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant argues that his poor health condition, coupled with the risk of contracting COVID-19, qualifies as an "extraordinary and compelling" reason for release. Subsection (A) requires that Defendant suffer from either a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes" his ability to provide self-care within the custodial environment. U.S.S.G. § 1B1.13.

Defendant is a 61-year-old male. In 2015, he was diagnosed with liposarcoma, a rare cancer of the connective tissue. ECF No. 84-3. The cancer is incurable, and while many patients live with the disease for years, it can become life-threatening. *Id.* According to his Presentence Investigation Report, in 2017, Defendant underwent surgery to remove large cancerous tumors as well as parts of his pancreas, large intestine, gall bladder, endocrine gland, and kidney. As a result, Defendant now suffers from diabetes. Defendant takes medication to manage cancer-related pain and receives insulin shots for his diabetes. ECF No. 84-3.

Defendant argues that his age and health conditions put him at a substantial risk for developing severe symptoms from COVID-19. ECF No. 81. The Government agrees but resists conceding that Defendant satisfies subsection (A) because his health condition is currently stable. *Id.* at PageID.311. Despite his present condition, Defendant's cancer has spread throughout his abdomen and "is likely to progress at some point in the future." ECF No. 84-3 (oncology report). Indeed, the cancer has already caused serious damage to vital organs, rendering him diabetic. While the Government also claims that there are no active COVID-19 cases at FCI Butner II, the situation has apparently changed since the Government's response. As of September 11, 2020, FCI Butner II is reporting four active cases among inmates. *See COVID-19*, Federal Bureau of Prisons,

https://www.bop.gov/coronavirus/ (last visited Sept. 11, 2020). Accordingly, the facts here indicate that, given his health conditions and the risk of COVID-19, Defendant suffers from either a "terminal illness" or a qualifying "serious physical or medical condition" and therefore satisfies subsection (A).[2]

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). These factors strongly support the conclusion that Defendant would be a danger to others or the community if released. Defendant's criminal history stretches back decades and includes multiple violent offenses. In 1991, he was convicted of one count of assault with

---

[2] Subsections (B) and (C), however, are plainly inapplicable. Regarding subsection (B), Defendant is only 61 years old. With respect to subsection (C), Defendant is not alleging the death or incapacitation of the caretaker of his minor children, nor is he alleging the incapacitation of a spouse. *See* U.S.S.G. § 1B1.13.

intent to do great bodily harm less than murder after he struck his victim with a vehicle, severing the victim's leg. He was paroled in 1993. In 2004, Defendant was convicted of one count of animal at large and one count of animal cruelty. He was initially charged with 47 counts of animal cruelty based on the mistreatment and neglect of his cattle. The other 46 counts were dismissed pursuant to a plea agreement. Defendant was ultimately sentenced to 12 months of probation. In 2008, Defendant was convicted of three counts of false pretenses and one count of conducting a criminal enterprise. He was paroled in 2012. In 2015, he was convicted of one count of assault with a dangerous weapon. He was sentenced to 10 months in custody and two years of probation. In 2018, he was arrested for the underlying offense: possessing and accessing with intent to view child pornography involving a prepubescent minor or a minor who had not attained 12 years of age, in violation of l8 U.S.C. § 2252A(a)(5)(B).

The underlying offense stems from Defendant's habitual victimization of children, including his own. Between August 2013 and August 2018, Defendant possessed and accessed thousands of child pornographic images stored on laptops and hard drives throughout his home. Defendant's minor daughter R.P. told investigators that, on several occasions, Defendant sexually assaulted her and forced her to watch child pornography. Prior to his arrest in 2018, law enforcement had investigated Defendant for sexually assaulting and otherwise abusing R.P. on three separate occasions (2013, 2016, and 2017), but none of the investigations produced charges. Defendant has failed to address his criminal history nor provide any indication that, upon release, he would not return to victimizing children or other criminal activity. Accordingly, he has failed to demonstrate that he would not pose a danger to others or the community if released.

## III.

Accordingly, it is **ORDERED** that Defendant Ronald Arthur Polk's motion for compassionate release, ECF No. 81, is **DENIED WITH PREJUDICE.**

Dated: September 16, 2020   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Ronald Polk #57302-039, FCI Butner Medium II, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1500, BUTNER, NC 27509 by first class U.S. mail on September 16, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager