UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                                                                  Case No. 19-CR-20107
                                                                        Honorable Thomas L. Ludington

RONALD ARTHUR POLK,

           Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On September 16, 2019, a federal jury convicted Defendant Ronald Arthur Polk of one count of possessing and accessing with intent to view child pornography involving a prepubescent minor or a minor who had not attained 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF Nos. 58, 64. The Court entered judgment against Defendant on December 20, 2020, sentencing him to 240 months imprisonment with restitution to be determined. ECF No. 64. On April 23, 2020, after supplemental briefing from the parties, the Court entered an amended judgment finding that Defendant owed no restitution. ECF No. 74. On May 4, 2020, Defendant filed a notice of appeal from the amended judgment. ECF No. 77. On June 25, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his health condition and the COVID-19 pandemic. ECF No. 81. On September 16, 2020, Defendant's motion was denied on the merits. ECF No. 86. Defendant now moves *pro se* for reconsideration. ECF No. 87. For the reasons stated below, Defendant's motion for reconsideration will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

**II.**

**A.**

Under 18 U.S.C. § 3582(c)(1)(A), a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Notwithstanding the pending appeal, Defendant was denied compassionate release in the prior order (the "Order") because, despite his compelling health condition, he had served relatively little time and his criminal history indicated that an early release was neither safe for the community

nor consistent with the § 3553 factors. ECF No. 86 at PageID.349–53. The Order recited Defendant's criminal history as follows:

> In 1991, he was convicted of one count of assault with intent to do great bodily harm less than murder after he struck his victim with a vehicle, severing the victim's leg. He was paroled in 1993. In 2004, Defendant was convicted of one count of animal at large and one count of animal cruelty. He was initially charged with 47 counts of animal cruelty based on the mistreatment and neglect of his cattle. The other 46 counts were dismissed pursuant to a plea agreement. Defendant was ultimately sentenced to 12 months of probation. In 2008, Defendant was convicted of three counts of false pretenses and one count of conducting a criminal enterprise. He was paroled in 2012. In 2015, he was convicted of one count of assault with a dangerous weapon. He was sentenced to 10 months in custody and two years of probation. In 2018, he was arrested for the underlying offense: possessing and accessing with intent to view child pornography involving a prepubescent minor or a minor who had not attained 12 years of age, in violation of l8 U.S.C. § 2252A(a)(5)(B).
>
> The underlying offense stems from Defendant's habitual victimization of children, including his own. Between August 2013 and August 2018, Defendant possessed and accessed thousands of child pornographic images stored on laptops and hard drives throughout his home. Defendant's minor daughter R.P. told investigators that, on several occasions, Defendant sexually assaulted her and forced her to watch child pornography. Prior to his arrest in 2018, law enforcement had investigated Defendant for sexually assaulting and otherwise abusing R.P. on three separate occasions (2013, 2016, and 2017), but none of the investigations produced charges.

*Id.* at PageID.352–53.

**B.**

**1.**

Defendant first challenges this Court's holding that it lacks jurisdiction to grant Defendant compassionate release because his case is currently on appeal to the Sixth Circuit. ECF No. 87 at PageID.356–57. He states that he is not "appealing compassionate release." *Id.* Defendant misunderstands the jurisdictional problem. Defendant's pending appeal of the amended judgment deprives this Court of jurisdiction. As previously explained,

> [F]ederal courts have held that "[a] pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release." *United States v. Walls*, No. 92-CR-80236, 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020) (citing *United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020)). "The presence of two pending proceedings on the same issue (the length of the defendant's sentence) risks inconsistent rulings from this Court and the Sixth Circuit on that issue." *Id.* Nonetheless, Defendant's motion for compassionate release may be denied pursuant to Federal Rule of Criminal Procedure 37, which states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . deny the motion . . . ." *See United States v. Traylor*, No. 16-20437, 2020 WL 5405866, at *2 (E.D. Mich. Sept. 9, 2020) (denying compassionate release under Rule 37 despite pending appeal); *accord Martin*, 2020 WL 1819961, at *2.

ECF No. 86 at PageID.346. Accordingly, this Court lacks jurisdiction to grant Defendant compassionate release but may, under Rule 37, deny him such relief.

**2.**

Defendant next argues that given his good time credit, he has served roughly 25% of his 240-month sentence instead of 7%, as previously estimated. ECF No. 87 at PageID.355. Assuming this is true, the difference is inconsequential for purposes of compassionate release. Early release would still be unwarranted given the nature of Defendant's crime, his criminal history, and the need to promote deterrence and respect for the law. *See* 18 U.S.C. § 3553(a).

**3.**

Defendant also disputes this Court's characterization of his criminal history, which he describes as the result of poor economic circumstances and post traumatic stress disorder from his service in the Navy. ECF No. 87 at PageID.355. Indeed, he claims that because he could not "hire a good attorney," prosecutors repeatedly "took advantage" of him. *Id.*

There is no need to consider Defendant's explanations at length. A motion for reconsideration is not an opportunity to reargue a case or raise arguments that could have been raised earlier. *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

Furthermore, Defendant's explanations do not erase decades of criminal history. The best inference from Defendant's repeated criminal conduct is that his early release would endanger the community.[1]

**4.**

Defendant finally argues that it was error for this Court not to appoint Defendant's attorney who, Defendant suggests, could have helped him prepare his motion. ECF No. 87 at PageID.357. However, the only time Defendant mentioned appointing his attorney was at the end of his compassionate release motion. *See* ECF No. 81 at PageID.301. More principally, though, Defendant was not entitled to the appointment of counsel. The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Seeking compassionate relief does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the claim on his own behalf. Indeed, the grounds for

---

[1] This inference is not rebutted by the fact that Defendant now requires a wheelchair. ECF No. 87 at PageID.357. Child pornography and similar offenses do not require great mobility.

compassionate release are clearly set forth in the statute. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's motion was not denied because he lacked counsel but because the objective factors at issue, including his personal characteristics and criminal history, indicate that such relief is unwarranted. Based on the foregoing, Defendant has failed to state any palpable defect in the Order that, if corrected, would result in a different outcome.

### III.

Accordingly, it is **ORDERED** that Defendant Ronald Arthur Polk's Motion for Reconsideration, ECF No. 87, is **DENIED**.

Dated: November 12, 2020    s/Thomas L. Ludington
                            THOMAS L. LUDINGTON
                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Ronald Polk #57302-039, FCI Butner, FEDERAL MEDICAL CENTER, P.O. BOX 1600, BUTNER, NC  27509 by first class U.S. mail on November 12, 2020.

                            s/Kelly Winslow
                            KELLY WINSLOW, Case Manager